LOTUS J. PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Person v. Commissioner
Docket No. 9929-84.
United States Tax Court
T.C. Memo 1985-211; 1985 Tax Ct. Memo LEXIS 419; 49 T.C.M. (CCH) 1391; T.C.M. (RIA) 85211; May 2, 1985. Seb Caporale, for the petitioner. J. Anthony Hoefer, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: By notice of deficiency dated February 27, 1984, respondent determined a deficiency of $1,726 in petitioner's 1980 Federal income tax. The issue is whether a Form 433-D (Installment Agreement) executed by petitioner on March 10, 1983 constitutes a closing agreement under section 7121, [1] thus precluding respondent's determination of the deficiency *420 herein.[2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Lotus J. Person, resided in Omaha, Nebr., when she filed her petition herein. During 1980, petitioner received wages of $8,081 from Riverside Memorial Hospital in Columbus, Ohio, and also received interest income of $136 and alimony of $6,000.For that year, petitioner timely filed a federal income tax return on which she reported as gross income only the $6,000 of alimony received. By letter dated October 21, 1983, the Internal Revenue Service Center in Cincinnati, Ohio informed petitioner of proposed changes concerning her 1980 Federal income tax, indicating that petitioner had failed to report wages of $8,081 and interest income of $136, resulting in an increase in tax liability of $1,726. The letter further indicated that after taking into account tax of $983 which *421 had been withheld on her wages, and interest of $184 which had accrued on her unpaid Federal income tax [3], a net amount of $927 was due from petitioner. On March 10, 1983, petitioner met with representatives of the Internal Revenue Service concerning her liability for unpaid Federal income tax for 1980 and interest accrued thereon (herein, "1980 Federal income tax liability.") At this meeting, petitioner remitted a check for $300 and executed a Form 433-D Installment Agreement (herein "Form 433-D"), which provided that she would pay her 1980 Federal income tax liability in monthly installments of $100, commencing April 25, 1983, and continuing until paid in full. The Form 433-D noted that petitioner had paid $300 on March 10, 1983, and in the appropriate space therefor, indicated that the amount of tax owed by petitioner was $627. Petitioner subsequently paid to the Internal Revenue Service $100 on April 15, $100 on May 25, and $127 on June 3, 1983. Petitioner made no further payments toward her 1980 Federal income tax liability.
*422 On February 27, 1984, [4] respondent issued his statutory notice of deficiency in which he determined that for 1980, petitioner had received unreported wages of $8,081 and interest income of $136. Respondent thus determined a deficiency of $1,726 in petitioner's Federal income tax for that year. The documents attached to the notice of deficiency indicated that, after taking into account tax of $983 which had been withheld from her wages, and interest of $340.85 which had accrued on her unpaid 1980 Federal income tax, a net amount of $1,083.85 [5] was due from petitioner. OPINION Petitioner concedes that she received unreported wages of $8,081 and interest income of $136 during 1980. Therefore, the issue is whether the Form 433-D, executed by petitioner *423 on March 10, 1983, constitutes a closing agreement under section 7121, thus preclusing respondent from determining the deficiency at issue herein. Section 7121 authorizes the Secretary of the Treasury or his delegate (herein, the "Secretary") to enter into an agreement in writing, referred to as a "closing agreement" with any person relating to the liability of such person in respect of any internal revenue tax for any taxable period. See secs. 7121(a), 7701(a)(11)(B). If approved by the Secretary, such an agreement is final and conclusive. Sec. 7121(b). Petitioner argues that the Form 433-D constitutes a closing agreement under section 7121 in which respondent agreed that petitioner's 1980 Federal income tax liability was $627. Petitioner reasons that the $300 which she paid on March 10, 1983, together with the $327 paid thereafter in installments, satisfied this liability in full. Respondent asserts, however, that irrespective of the significance of the $627 figure used therein, the Form 433-D does not preclude his determination of the deficiency herein because it does not satisfy applicable requirements and thus is not a closing agreement under section 7121. Respondent *424 also argues that petitioner misinterprets the $627 figure used in the Form 433-D, contending that since petitioner's 1980 Federal income tax liability, as of March 10, 1983, was $927, such figure was intended to reflect petitioner's remaining liability after her $300 payment on that date. For the following reasons, we agree with respondent that the Form 433-D is not a closing agreement. It is well established that the statutory procedure provides the exclusive method by which a closing agreement may be accorded finality. See generally and cases cited therein. Since Congress has provided a way in which the Internal Revenue Service may bind itself, the possibility of its being bound by some other procedure is precluded. See . As this Court noted in , section 301.7121-1(d) Proced. & Admin. Regs. establishes the procedure to be used with respect to closing agreements and provides that all closing agreements shall be executed on forms prescribed by the Internal Revenue Service. The *425 forms so prescribed are Forms 866 and 906. The former, entitled Agreement as to Final Determination of Tax Liability, is used to close conclusively the taxpayer's total tax liability for a taxable period ended prior to the date of the agreement, while the latter, entitled Closing Agreement as to Final Determination Covering Specific Matters, is used if the agreement relates to one or more separate items affecting the tax liability of the taxpayer. Sec. 601.202(b), Statement of Procedural Rules. It is evident the Form 433-D is not a closing agreement under section 7121. Unlike Forms 866 and 906, Form 433-D is not prescribed by the Internal Revenue Service to be used as a closing agreement. The Form 433-D does not purport to be a closing agreement and contains no language to suggest that it represents respondent's final agreement concerning petitioner's 1980 Federal income tax liability. Thus, we hold that the Form 433-D is not a closing agreement under section 7121 and does not preclude respondent's determination of the deficiency herein. [6] Cf. ;, affd. on another *426 issue ; (id Cir. 1974), affg. a Memorandum Opinion of this Court. Since petitioner received unreported wages of $8,081 and interest income of $136, we hold that respondent correctly determined a deficiency of $1,726 in petitioner's Federal income tax for 1980. The amount of $627 previously paid by petitioner will be taken into account in determining the net amount due from her. To reflect the *427 foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. If we find that such document is a closing agreement, there is a further issue concerning the interpretation to be given to a certain figure contained therein.↩
3. This amount represented interest accrued for the period beginning April 15, 1981, and ending 15 days after the date of the Service Center's letter.↩
4. We note, and petitioner does not dispute, that respondent's notice of deficiency was timely since it was mailed to petitioner within three years after April 15, 1981, the date on which petitioner's return for 1980 is deemed to have been filed.See secs. 6501(a), (b); 6072(a); 6503. ↩
5. This figure apparently does not take into account the $300 paid by petitioner on March 10, 1983 or the $327 paid in installments thereafter.↩
6. In view of our holding that the Form 433-D does not constitute a closing agreement under sec. 7121 and does not bar respondent's determination of the deficiency in this case, we do not address the parties' differing interpretations concerning the significance of the $627 figure used therein. We also note that if petitioner intended the petition to raise an issue concerning the doctrine of equitable estoppel, she has failed to show, as she must to successfully invoke such doctrine, that she relied to her detriment upon respondent's action. See ; .↩